# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FREDERICK WHEELER,<br><br>    Plaintiff,<br><br>    v.<br><br>MARK TURK, Code Enforcement Officer for the City of Bakersfield, California,<br><br>    Defendant. | Case No.: 1:12-cv-00693 - AWI - JLT<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS<br><br>(Doc. 2)<br><br>ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND |

John Frederick Wheeler ("Plaintiff") seeks to proceed with an action for a violation of his civil rights pursuant against Mark Turk, Code Enforcement Officer for the City of Bakersfield, California. ("Defendant"). (Doc. 1). Plaintiff asserts Defendant discriminated against him on the basis of race when he issued a Notice of Code Violation. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **GRANTED.** Likewise, Plaintiff's motion to file the complaint (Doc. 3) is **GRANTED**. However, for the following reasons, Plaintiff's complaint is **DISMISSED WITH LEAVE TO AMEND**.

## I.    MOTION TO PROCEED IN FORMA PAUPERIS

As a general rule, all parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee. 28 U.S.C. § 1914(a). However, the Court may authorize the commencement of an action "without prepayment of fees and costs of security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." 28

U.S.C. § 1915(a)(1).  Therefore, an action may proceed despite a failure to prepay the filing fee only if leave to proceed *in forma pauperis* ("IFP") is granted by the Court.  *See Rodriguez v. Cook*, 169 F.3d 1178, 1177 (9th Cir. 1999).   The Court has reviewed the application and has determined that it satisfies the requirements of 28 U.S.C. § 1915(a).  Therefore, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.

## II.     SCREENING REQUIREMENT

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the complaint and identify "cognizable claims."  *See* 28 U.S.C § 1915(a)-(b).  The Court must dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2).  A claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## III.    PLEADING STANDARDS

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure.  A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a).  The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner.  *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  The purpose of the complaint is to give the defendant fair notice and the grounds upon which the complaint stands.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 129 S. Ct. at 1949 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. *Id.* The Court may grant leave to amend a complaint to the extent that deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### IV. DISCUSSION AND ANALYSIS

Plaintiff, a white male, asserts Defendant issued a "Notice of Violation" to him on August 16, 2011. (Doc. 1 at 1). In the notice, the code enforcement officer indicated Plaintiff violated Municipal Code 10.32.160 by parking his vehicle on grass or an unpaved surface. *Id.* at 2. According to Plaintiff, he has several neighbors of different ethnic backgrounds who have violated the Municipal Code by parking on the grass or having "junk cars" in the driveway. *Id.* at 2-4. Therefore, Plaintiff contends Defendant violated 22 U.S.C. § 2755 as well as the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

#### A. Identity of Defendant

Importantly, the "Notice of Violation" does not appear to have been issued by Defendant, but rather a different code enforcement officer, D. Paquette.[2] Plaintiff has not alleged Defendant was present or assisted the issuing officer, or connected Defendant to an alleged harm. As a result,

---

[2] Plaintiff has filed other, more legible, copies of the Notice of Violation in Cases Nos. 1:11-cv-01392-LJO-JLT and 1:11-cv-01832-LJO-JLT, which were other actions regarding another action filed by Plaintiff concerning the same Notice of Violation issued on August 16, 2011.

Plaintiff has not stated a cognizable claim against Defendant for any alleged constitutional violation. *See Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (an individual deprives another of a federal right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do so that it causes the deprivation of which complaint is made").

Nevertheless, the Court continues its discussion for purposes of determining whether Plaintiff has stated a cognizable claim for the alleged civil rights violations.

### B.    Violation of 22 U.S.C. § 2755

According to Plaintiff, the code enforcement officer violated 22 U.S.C. § 2755 ("Section 2755") by discriminating against him on the basis of race.  Section 2755 prohibits discrimination on the basis of race, religion, national origin, or sex.  However, the legislation condemns such discrimination in the context of foreign relations and arms trading.  Plaintiff has not alleged any facts related to arms trading, and as such cannot state a cognizable claim under Section 2755.  Accordingly, the complaint, on these grounds, is **DISMISSED**.

### C.    Constitutional Violations

Plaintiff contends the code enforcement officer has violated his rights under the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution. (Doc. 1 at 1).  Notably, the amendments to the Constitution do not create direct causes of action. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 929 (9th Cir. 2001) ("a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution"). However, 42 U.S.C. § 1983 ("Section 1983") "is a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994).  Thus, an individual may bring an action for the deprivation of civil rights pursuant to Section 1983, which states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

42 U.S.C. § 1983.  To plead a Section 1983 violation, a plaintiff must allege facts from which it may be inferred that (1) a constitutional right was deprived, and (2) a person who committed the alleged

4

violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 28 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

          1.     First Amendment

The First Amendment to the United States Constitution provides: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." *U.S. Constitution, amend. I*. Accordingly, a number of rights are encompassed within the lines of the First Amendment.

Here, Plaintiff fails to identify which rights he believes Defendant violated, and the facts do not support an inference that First Amendment rights were implicated. In addition, the Court will not speculate as to his causes of action because Plaintiff has a burden to state his claims with specificity. *See Iqbal,* 129 S.Ct. at 1948-49; *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 554 (2007) (a plaintiff must set forth more than conclusions and include "the grounds of his entitlement to relief"). Thus, Plaintiff has not stated a cognizable claim for a First Amendment violation, and this claim is **DISMISSED**.

          2.     Fourth Amendment

The Fourth Amendment provides "the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures." *U.S. Constitution, amend. IV*. When an individual believes a search has violated the Fourth Amendment, he "must demonstrate a legitimate expectation of privacy in the place or item searched by showing an actual subjective expectation of privacy which society is prepare to recognize." *United States v. Davis*, 932 F.2d 752, 756 (9th Cir. 1991); *see also United States v. Sarkisian*, 197 F.3d 966, 986 (9th Cir. 1999). Here, Plaintiff contends he had a vehicle parked on a grass portion of his property, and the code enforcement officer "had no legal right to truspass [sic]" onto Plaintiff's property to issue the citation. (Doc. 1 at 13). Therefore, Plaintiff contends the code enforcement officer violated the Fourth Amendment.

Previously, Plaintiff raised the claim for trespass in *Wheeler v. Bakersfield City*, Case No. 1:11-cv-01392-LJO-LJT. The Court explained there is not a Fourth Amendment violation because "[w]hat a person knowingly exposes to the public, even in his own home or office, is not a subject of

Fourth Amendment protection." (*Id.*, Doc. 4 at 6) (quoting *Maisano v. Welcher*, 940 F.2d 499, 503 (9th Cir. 1991)). According to the Ninth Circuit, "[a] driveway is only a semiprivate area," and the expectation of privacy "will generally depend upon the nature of the activities and the degree of visibility from the street." *United States v. Magana*, 512 F.2d 1169, 1171 (9th Cir. 1975). Thus, Plaintiff may demonstrate a reasonable expectation of privacy in his driveway if there were enclosures or barriers that impede visibility from the street. *Maisano*, 940 F.2d at 503. Plaintiff has not alleged any features in the driveway that would implicate a Fourth Amendment violation by the code enforcement officer.³ Therefore, Plaintiff's claim of a Fourth Amendment violation is **DISMISSED**.

### 3. Fifth Amendment

Plaintiff alleges a violation of his civil rights under the Fifth Amendment. However, the Fifth Amendment applies only to actions by the federal government. *Rank v. Nimmo*, 677 F.2d 692, 701 (9th Cir. 1982). There must be a "significantly close nexus" between the federal government and the actor for the Fifth Amendment to apply to nonfederal entities or individuals. *Id.* Here, Plaintiff has not made any factual allegations regarding the code enforcement officer's connections to the federal government. Thus, Plaintiff has not stated a cognizable claim for a Fifth Amendment violation, and this claim is **DISMISSED**.

### 4. Fourteenth Amendment

Plaintiff contends Defendant discriminated against him on the basis of race, because Plaintiff is white and was given a Notice of Violation. Plaintiff contends he has Hispanic and African American neighbors who have violated the Bakersfield Municipal Code because they have parked on the grass and keep "junk cars" in their driveways. Therefore, Plaintiff seems to allege the code enforcement officer discriminated against him on the basis of race in violation of the Fourteenth Amendment's Equal Protection Clause.

The Equal Protection Clause states that "no state shall… deny to any person within its jurisdiction the equal protection of the laws." *U.S. Constitution, amend.* XIV §1. In essence, this commands that all persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne*

---

³ Significantly, Plaintiff did not allege the existence of barriers in the prior litigation, and his vehicle was exposed to the public. (Case No. 1:11-cv-01392-LJO-JLT, Doc. 4 at 7).

*Living Center, Inc.*, 473 U.S. 432, 439 (1985).  A plaintiff can state a cognizable equal protection claim by alleging "the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class."  *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001).  In the alternative, where the acts in question do not involve a protected class, a plaintiff can establish a "class of one" claim by alleging he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."  *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Even when viewed liberally, Plaintiff's factual allegations fail to state an equal protection violation.  Plaintiff fails to allege that he is a member of a protected class, and the facts are insufficient to support a claim that he is a "class of one."  Although Plaintiff contends he has neighbors violating the same provision of the Bakersfield Municipal Code, Plaintiff has not alleged that they did not receive similar notices of violation.  In addition, Plaintiff has not alleged the Defendant was aware of the violations and made a decision to not issue violations.  Most significantly, Plaintiff has not alleged any facts supporting his claim that the code enforcement officer issued the Notice of Violation to him *because* he is Caucasian and intended to treat Plaintiff differently from others who are similarly situated.  Therefore, Plaintiff failed to state a cognizable claim for a Fourteenth Amendment violation this claim is **DISMISSED**.

## V.   CONCLUSION AND ORDER

A plaintiff must allege a specific injury was suffered, and show causal relationship between the defendant's conduct and the injury suffered.  *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).  Section 1983 "requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff."  *Chavira v. Ruth*, 2012 U.S. Dist. LEXIS 53946, at *3 (E.D. Cal. Apr. 17, 2012).  Defendant Mark Turk was not the code enforcement officer who issued the citation, and Plaintiff has not alleged facts connecting Defendant to the injuries alleged.  Accordingly, Plaintiff has not stated a cognizable claim against Defendant.

Moreover, Plaintiff has not plead facts sufficient to state a cognizable claim against the code enforcement officer who issued the Notice of Violation.  Plaintiff has not alleged the officer acted with a specific discriminatory intent required by 42 U.S.C. § 1983.  Plaintiff provides only the conclusion

that the Notice of Violation was issued and asserts that he is Caucasian.  Plaintiff's conclusion that the issuance of the violation notice was due to his race is insufficient to support a claim for discrimination.  *See Ivey*, 673 F.2d at 268.

Despite the fact that the Court is well-aware of Plaintiff's repeated history of filing specious and unsupported claims, it will, nevertheless, grant Plaintiff **one,** final opportunity to amend the complaint.  *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment"); *Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) (dismissal only where it is obvious the plaintiff cannot prevail on the facts alleged and that an opportunity to amend would be futile).

The amended complaint must reference the docket number assigned to this case and must be labeled "First Amended Complaint."  Plaintiff is advised that an amended complaint supersedes all previously filed complaints.  *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  In addition, the amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.  Thus, once Plaintiff files a First Amended Complaint, the original complaint no longer serves any function in the case.  Finally, Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  *King*, 814 F.2d at 567 (citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord. Forsyth*, 114 F.3d at 1474.

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **GRANTED**;
2. Plaintiff's motion to file the complaint (Doc. 3) is **GRANTED**;
3. Plaintiff's Complaint is **DISMISSED with leave to amend**;
4. Within 21 days from the date of service of this order, Plaintiff **SHALL** file an amended complaint curing the deficiencies identified by the Court in this order; and

///
///
///

5. **If Plaintiff fails to comply with this order, the action will be dismissed for failure to obey a court order.**

IT IS SO ORDERED.

Dated:   **August 10, 2012**                         **/s/ Jennifer L. Thurston**
                                                       UNITED STATES MAGISTRATE JUDGE