1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11  JOHN FREDERICK WHEELER,            )   Case No.: 1:12-cv-00693 - AWI - JLT
                                       )
12          Plaintiff,                 )   ORDER TO SHOW CAUSE WHY THE ACTION
                                       )   SHOULD NOT BE DISMISSED FOR
13      v.                             )   PLAINTIFF'S FAILURE TO PROSECUTE AND
                                       )   FAILURE TO COMPLY WITH THE COURT'S
14  MARK TURK, Code Enforcement Officer for )  ORDERS
    the City of Bakersfield, California, )
15                                     )
                                       )
16          Defendant.                 )
                                       )
17

18          John Frederick Wheeler ("Plaintiff") is proceeding *pro se* and *in forma pauperis* in this action

19  initiated on May 1, 2012.  The Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1914(a) to

20  determine whether Plaintiff stated a cognizable claim, and issued an order dismissing the complaint

21  with leave to amend on August 10, 2012.  (Doc. 4).  The Court instructed Plaintiff to file an amended

22  complaint within twenty-one days of the date of service, or by August 31, 2012.  *Id.* at 8.

23          On August 17, 2012, Plaintiff filed a motion for an extension of time to file an amended

24  complaint (Doc. 5), which was denied by the Court (Doc. 6).  The Court noted that at the time

25  Plaintiff's motion was filed, he had two weeks to file an amended complaint, and there was "no

26  explanation for why Plaintiff would be unable to meet the current deadline."[2]  *Id.* at 1.  Plaintiff filed a

27

28          [2] Although Plaintiff asserted he was working on a document in another matter before the Court, this did not
    explain why he was unable to comply with the Court's order to file an amended pleading in the time frame allotted.

1

1    second motion for an extension on August 22, 2012 (Doc. 7), which was again denied because Plaintiff

2    failed to provide a reason why he was unable to meet the deadline imposed by the Court.  (Doc. 8).

3          Although the Court informed Plaintiff the deadline of August 31, 2012 remained in effect

4    (Docs. 6, 8), Plaintiff failed to comply with the Court's orders, and to date has not filed an amended

5    complaint.

6          The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a

7    party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any

8    and all sanctions . . . within the inherent power of the Court."  Local Rule 110.  "District courts have

9    inherent power to control their dockets," and in exercising that power, a court may impose sanctions

10   including dismissal of an action.  *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831

11   (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute

12   an action or failure to obey a court order, or failure to comply with local rules.  *See, e.g. Ferdik v.*

13   *Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order

14   requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987)

15   (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th

16   Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

17         Accordingly, Plaintiff is **ORDERED** to show cause within fourteen days of the date of service

18   of this Order why the action should not be dismissed for failure to comply with the Court's order, or in

19   the alternative, to file a First Amended Complaint curing the deficiencies identified by the Court in its

20   order dated August 10, 2012 (Doc. 4).

21

22   IT IS SO ORDERED.

23     Dated:   **September 12, 2012**          **/s/ Jennifer L. Thurston**
24                                              UNITED STATES MAGISTRATE JUDGE

25

26

27

28

2