1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11   JOHN FREDERICK WHEELER,                )   Case No.: 1:12-cv-00693 - LJO - JLT
                                            )
12                  Plaintiff,              )   FINDINGS AND RECOMMENDATIONS
                                            )   DISMISSING PLAINTIFF'S FIRST AMENDED
13          v.                              )   COMPLAINT WITHOUT LEAVE TO AMEND
                                            )
14   MARK TURK, et al.,                     )
                                            )
15                  Defendants.             )
                                            )
16   _____

17          John Frederick Wheeler ("Plaintiff") seeks to proceed with an action for a violation of his civil

18   rights against the Mayor of the City of Bakersfield, Mark Turk and D. Paquette, code enforcement

19   officers for the City of Bakersfield, California (collectively, "Defendants").  (Doc. 12).  Plaintiff alleges

20   Defendants discriminated against him on the basis of race when he received a Notice of Code

21   Violation.  *Id.*  For the following reasons, the Court recommends Plaintiff's First Amended Complaint

22   be **DISMISSED WITHOUT LEAVE TO AMEND**.

23   **I.       SCREENING REQUIREMENT**

24          When an individual seeks to proceed *in forma pauperis*, the Court is required to review the

25   complaint and identify "cognizable claims."  *See* 28 U.S.C § 1915(a)-(b).  The Court must screen

26   Plaintiff's First Amended Complaint because an amended complaint supersedes Plaintiff's initial

27   complaint.  *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814

28   F.2d 565, 567 (9th Cir. 1987).

The Court must dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2).  A claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## II.     PLEADING STANDARDS

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure.  A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a).  The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner.  *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  The purpose of the complaint is to give the defendant fair notice and the grounds upon which the complaint stands.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted).  Conclusory and vague allegations do not support a cause of action.  *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are

2

"merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 129 S. Ct. at 1949 (citations omitted).  When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth.  *Id.*  The Court may grant leave to amend a complaint to the extent that deficiencies of the complaint can be cured by an amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

## III.     DISCUSSION AND ANALYSIS

Plaintiff, a white male, asserts defendant D. Paquette issued a "Notice of Violation" to him on August 16, 2011.[1]  (Doc. 12 at 1).  In the notice, the code enforcement officer indicated Plaintiff violated Municipal Code 10.32.160 by parking his vehicle on grass or an unpaved surface.  *Id.* at 6.  According to Plaintiff, he has several neighbors of different ethnic backgrounds who have violated the Municipal Code by parking on the grass.  *Id.* at 7, 9.  Plaintiff believes these individuals have not been issued similar notices because they still have vehicles parked on unpaved surfaces.  *Id.* at 9.

Plaintiff asserts he "suffered Discrimination in Violation [sic] of 42 U.S.C. §§ 2000a, et seq.," as well as violations of his constitutional rights under the Fifth and Fourteenth Amendments of the United States Constitution.  (Doc. 12 at 13).  In addition, Plaintiff contends defendants are liable "for intentional tort, and for general negligence and for tort."  *Id.* at 4.  Finally, Plaintiff asserts defendants Mark Turk, the City of Bakersfield, and the Mayor of the City of Bakersfield are vicariously liable to Plaintiff under the doctrine of respondeat superior.  *Id.* at 2.

### A.     Discrimination under 42 U.S.C. § 2000a, *et seq.*

Title II of the Civil Rights Act of 1964 ("Title II"), set forth in 42 U.S.C. §§ 2000a, *et seq.*, prohibits discrimination by state actors in places of public accommodation on the basis of race, color, religion, or national origin.  *See* 42 U.S.C. §§ 2000a-1, 2000a-2 (proscribing discrimination and segregation on the basis of "race, color, religion, or national origin" by state actors, and prohibiting

---

[1] In his initial Complaint, Plaintiff asserted the Notice of Violation was issued by defendant Mark Turk.  (Doc. 1 at 1).  However, the Court noted that other, more legible copies of the "Notice of Violation" (filed in Cases Nos. 1:11-cv-01392-LJO-JLT and 1:11-cv-01832-LJO-JLT), show D. Paquette was the issuing officer.

1  deprivation of an individual's right not to be subjected to such discrimination).  However, the alleged

2  discrimination took place at Plaintiff's private residence, which does not fall in a category of

3  establishments protected under Title II, such as "any inn, hotel, motel or other establishment which

4  provides lodging to transient guests . . ." 42 U.S.C. §§ 2000a(b).  Accordingly, Title II is inapplicable

5  and the Court recommends that this claim be **DISMISSED**.

6        **B.**    **Constitutional Violations**

7        Plaintiff contends Defendants violated his rights under the Fifth and Fourteenth Amendments

8  to the United States Constitution.  (Doc. 12 at 13).  Notably, the amendments to the Constitution do

9  not create direct causes of action.  *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 929 (9th

10  Cir. 2001) ("a litigant complaining of a violation of a constitutional right does not have a direct cause

11  of action under the United States Constitution").   However, 42 U.S.C. § 1983 ("Section 1983") "is a

12  method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271

13  (1994).  Thus, an individual may bring an action for the deprivation of civil rights pursuant to Section

14  1983, which states in relevant part:

15        Every person who, under color of any statute, ordinance, regulation, custom, or usage, of
16        any State or Territory... subjects, or causes to be subjected, any citizen of the United
      States or other person within the jurisdiction thereof to the deprivation of any rights,
17        privileges, or immunities secured by the Constitution and laws, shall be liable to the party
      injured in an action at law, suit in equity, or other proper proceeding for redress…

18

19  42 U.S.C. § 1983.  To plead a Section 1983 violation, a plaintiff must allege facts from which it may

20  be inferred that (1) a constitutional right was deprived, and (2) a person who committed the alleged

21  violation acted under color of state law.  *West v. Atkins*, 487 U.S. 42, 28 (1988); *Williams v. Gorton*,

22  529 F.2d 668, 670 (9th Cir. 1976).

23        1.    Fifth Amendment

24        Plaintiff alleges a violation of his civil rights under the Fifth Amendment.  However, the Fifth

25  Amendment applies only to actions by the federal government. *Rank v. Nimmo*, 677 F.2d 692, 701

26  (9th Cir. 1982).  There must be a "significantly close nexus" between the federal government and the

27  actor for the Fifth Amendment to apply to nonfederal entities or individuals.  *Id.*  Here, Plaintiff has

28  not made any factual allegations regarding the code enforcement officer's connections to the federal

government.  Thus, Plaintiff has not stated a cognizable claim for a Fifth Amendment violation, and the Court recommends this claim be **DISMISSED**.

### 2.     Fourteenth Amendment

Plaintiff contends Defendant D. Paquette discriminated against him on the basis of race, because Plaintiff is white and was given a Notice of Violation.  Plaintiff contends he has Hispanic and African American neighbors who have violated the Bakersfield Municipal Code because they have parked on the grass and keep "junk cars" in their driveways.  (Doc. 12 at 9, 13).  Specifically, Plaintiff asserts "the Code [e]nforcement Officer has[] not issued the Afrecan [sic] American a Notice to move his vehicle, [b]ecause to this day. . . the Afrecan [sic] American has a Vehicle parked on the grass part of His Prpperty [sic] in His front yard."  *Id.* at 9.  Thus, because Plaintiff's neighbors have vehicles parked on unpaved land, he concludes D. Paquette has not issued notices to them and that the officer discriminated on the basis of race in violation of the Fourteenth Amendment.

The Equal Protection Clause states that "no state shall… deny to any person within its jurisdiction the equal protection of the laws." *U.S. Constitution, amend.* XIV §1.  In essence, this commands that all persons who are similarly situated be treated alike.  *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985).  A plaintiff can state a cognizable equal protection claim by alleging "the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class."  *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001).  In the alternative, where the acts in question do not involve a protected class, a plaintiff can establish a "class of one" claim by alleging he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."  *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Even when viewed liberally, Plaintiff's factual allegations fail to state an equal protection violation.  Plaintiff fails to allege that he is a member of a protected class, and the facts are insufficient to support a claim that he is a "class of one."  Although Plaintiff contends he has neighbors violating the same provision of the Bakersfield Municipal Code, Plaintiff has not alleged the code enforcement officer was aware of the violations and made a decision to not issue violations.  Moreover, Plaintiff has not alleged any facts supporting his claim that the code enforcement officer issued the Notice of

1  Violation to him *because* he is Caucasian.  Therefore, Plaintiff failed to state a cognizable claim for a

2  Fourteenth Amendment violation, and the Court recommends this claim be **DISMISSED**.

3  **C.    Doctrine of Respondeat Superior and Section 1983**

4  **1.    Liability of Mark Turk and the Mayor of the City of Bakersfield**

5  Plaintiff seeks to hold defendants Mark Turk and the Mayor of the City of Bakersfield ("the

6  Mayor") vicariously liable for violations of his civil rights under the doctrine of respondeat superior.

7  (Doc. 12 at 2).  As an initial matter, Plaintiff has not alleged these defendants are supervisors of

8  defendant D. Paquette.  Regardless, there is no respondeat superior liability under Section 1983, and

9  the supervisor of an individual who allegedly violated a plaintiff's constitutional rights is not made

10 liable for the violation simply by virtue of that role.  *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691

11 (1978).  Rather, "[a] supervisor is only liable for constitutional violations of his subordinates if the

12 supervisor participated in or directed the violations, or knew of the violations and failed to act to

13 prevent them."  *Taylor v. List*, 880 F.2d, 1040, 1045 (9th Cir. 1989).

14 In this case, Plaintiff has failed to allege facts supporting a conclusion that either Mark Turk or

15 the Mayor participated in the alleged deprivation of constitutional rights, or knew of any alleged

16 violations and failed to act to prevent them.  Further, Plaintiff has not alleged these defendants

17 promulgated or implemented a policy so deficient that the policy itself is a repudiation of

18 constitutional rights.  Therefore, the Court recommends the claims against Mark Turk and the Mayor

19 be **DISMISSED**.

20 **2.    Liability of the City of Bakersfield ("the City")**

21 As a general rule, a local government unit may not be held responsible for the acts of its

22 employees under a respondeat superior theory of liability.  *Monell*, 436 U.S. at 691 ("a municipality

23 cannot be held liable solely because it employs a tortfeasor"). Rather, a local government entity may

24 be held liable only if it inflicts the injury of which a plaintiff complains through a governmental policy

25 or custom. *Id.* at 694; *Gibson v. County of Washoe*, 290 F.3d 1175, 1185 (9th Cir. 2002).  To establish

26 liability, Plaintiff must show: (1) he was deprived of a constitutional right; (2) the City had a policy;

27 (3) that this policy amounted to deliberate indifference to his constitutional right; and (4) the policy

28 "was the moving force behind the constitutional violation."  *See Oviatt v. Pearce*, 954 F.2d 1470, 1474

(9th Cir. 1992) (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989)); *see also Monell*, 436 U.S. at 690-92.  A policy or custom of a government may be demonstrated when:

> (1) A longstanding practice or custom…constitutes the standard operating procedure of the local government entity;
>
> (2) The decision-making official was, as a matter of law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision; or
>
> (3) An official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate.

*Pellum v. Fresno Police Dep't*, 2011 U.S. Dist. LEXIS 10698, at *8 (quoting *Menotti v. City of Seattle*, 409 F.3d 1113, 1147 (9th Cir. 2005).  Further, a governmental policy may be inferred where there is evidence of repeated constitutional violations for which the officers were not reprimanded. *Menotti*, 409 F.3d at 1147.

A policy amounts to deliberate indifference when "the need for more or different action is so obvious, and the inadequacy of the current procedure so likely to result in a violation of constitutional rights, that the policymakers can reasonably be said to have been deliberately indifferent to the need." *Mortimer v. Baca*, 594 F.3d 714, 722 (9th Cir. 2010) (quotations omitted) (citing *Oviatt v. Pearce*, 954 F.2d 1470, 1477-78 (9th Cir. 1992)); *accord Canton*, 489 U.S. at 390. To establish deliberate indifference by a government, "the plaintiff must show that the municipality was on actual or constructive notice that its omission would likely result in a constitutional violation."  (*Gibson*, 290 F.3d at 1186) (citing *Farmer v. Brennan*, 511 U.S. 825, 841 (1994)).  Here, Plaintiff has not shown the City had actual or constructive notice of any potential harm instituted by its polices.  Thus, for municipal liability to be imposed, the complaint must allege sufficient facts to demonstrate that an unconstitutional custom caused Plaintiff's injuries.

A custom is "a widespread practice that . . . is so permanent and well-settled as to constitute a custom or usage with the force of law." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (internal quotation mark omitted).  Consequently, "[l]iability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out that

1   policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).  On the other hand, Plaintiff may

2   establish municipal liability based upon a single event if he demonstrates that the person causing the

3   constitutional injury was a final policymaker for the entity. *See City of St. Louis v. Praprotnik*, 485

4   U.S. 112, 123 (1988) ("[O]nly those municipal officials who have 'final policymaking authority' may

5   by their actions subject the government to § 1983 liability"). However, Plaintiff has made no

6   allegations that demonstrate that any named defendant had final policymaking authority.  As a result,

7   Plaintiff fails to state a claim imposing liability upon the City of Bakersfield based upon the doctrine

8   of respondeat superior, and the Court recommends this cause of action be **DISMISSED**.

9   **IV.    CONCLUSION AND ORDER**

10          Plaintiff fails to establish a cause of action because he has failed to provide fasts that support

11   his allegations.  Again, Plaintiff has not alleged defendant Paquette acted with a specific

12   discriminatory intent required by 42 U.S.C. § 1983 when issuing the Notice of Violation.  Rather,

13   Plaintiff asserts that he is Caucasian and contends his neighbors did not receive a similar Notice of

14   Violation, because they have vehicles on unpaved ground.  However, Plaintiff's conclusion that the

15   issuance of the violation notice was *because of* his race is insufficient to support a claim for

16   discrimination.  *See Ivey*, 673 F.2d at 268.

17          Further, Plaintiff has failed to state claims pursuant to the doctrine of respondeat superior

18   under Section 1983 against Mark Turk, the Mayor, or the City of Bakersfield.  Plaintiff failed to assert

19   the defendants were supervisors of Paquette, that they participated in the alleged constitutional

20   violation, or that they had any knowledge of the alleged constitutional violation.  Further, Plaintiff

21   failed to plead facts supporting a conclusion that the City of Bakersfield had a policy or custom that

22   caused a deprivation of his constitutional rights.  Thus, Plaintiff failed to state cognizable claims for

23   violations of his Fourteenth Amendment rights by any defendants.

24          Moreover, because Plaintiff failed to state a constitutional violation of his rights, the Court is

25   acting within its discretion to decline supplemental jurisdiction over state law claims under 28 U.S.C.

26   § 1367(a).  *See City of Chicago v. Int'l. College of Surgeons*, 522 U.S. 156, 172 (1997) ("that the

27   terms of § 1367(a) authorize the district courts to exercise supplemental jurisdiction over state law

28   claims . . . does not mean that the jurisdiction must be exercised in all cases"); *see also United Mine*

1  *Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966) ("pendent

2  jurisdiction is doctrine of discretion, not of plaintiff's right"). Therefore, the Court recommends that

3  the Court not exercise jurisdiction over Plaintiff's tort and negligence claims.

4        Plaintiff has failed to cure the deficiencies outlined in the Court's earlier order and, based upon

5  the record and the facts set forth in pleadings filed by Plaintiff, it does not appear the deficiencies of

6  the First Amended Complaint can be cured by amendment.  Thus, it appears that granting Plaintiff

7  further leave to amend would be futile.  *Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000)

8  (dismissal is proper where it is obvious the plaintiff cannot prevail on the facts alleged and that an

9  opportunity to amend would be futile).

10        Accordingly, **IT IS HEREBY RECOMMENDED**:

11        1.        Plaintiff's Complaint be **DISMISSED without leave to amend**; and

12        2.        The Clerk of Court be DIRECTED to close this action.

13        These findings and recommendations are submitted to the United States District Judge

14  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local

15  Rules of Practice for the United States District Court, Eastern District of California.  Within 14 days

16  after being served with these findings and recommendations, Plaintiff may file written objections with

17  the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and

18  Recommendations."  Plaintiff is advised failure to file objections within the specified time may waive

19  the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

20

21  IT IS SO ORDERED.

22    Dated:   **October 2, 2012**                     **/s/ Jennifer L. Thurston**

23                                                      UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28